UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUD ROSSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 09347 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| AFRICAN AMERICAN *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

    Plaintiff Brud Rossman is seeking to proceed *in forma pauperis*. His financial affidavit, R. 3, does establish that he is financially unable to pay the filing fee, so the motion is granted. But because Rossman is proceeding *in forma pauperis*, the complaint is governed by 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of (1) "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997); (2) complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); and (3) complaints that seek monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii).[1] In addressing any *pro se* litigant's complaint, the Court must construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). If there is an arguable basis for a claim in fact or law, then leave to proceed will be granted. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But dismissal of the complaint is the proper course where it is clearly baseless or fanciful, *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), or fails to state a claim, § 1915(e)(2)(B)(ii), or seeks monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii).

---

[1] Section 1915(e)(2) applies to all litigants who seek to proceed *in forma pauperis*, not just prisoners. *See Vey*, 520 U.S. at 937 (denying *in forma pauperis* status to file certiorari petition from appeal and applying § 1915(e)(2)(B)(i) to non-inmate); *Jaros*, 684 F.3d at 669 n.1 (explaining that § 1915(e)(2) screening applies to non-prisoner suits); *Rowe*, 196 F.3d at 783.

Case: 1:17-cv-09347 Document #: 6 Filed: 01/04/18 Page 2 of 2 PageID #:49

In this case, the complaint is frivolous and must be dismissed. Rossman purports to sue at least 40 individually named defendants (40 is where the Court stopped counting), as well as several defendants named as groups, such as "African Americans," "Idiot Wasps," "Media Types," and so on. R. 1 at 1-5. It is difficult to make sense of any of the allegations, or how they relate to any of the defendants. The complaint starts with some irrelevant biographical information about Rossman, *id.* ¶¶ 1-4, and then moves on to nonsensical ramblings. Even interpreted as expansively and generously possible, the complaint is frivolous. The closest allegation to any sort of legal claim is the bare conclusion in Paragraph 15: "Defendants, as principal, or in agency, have been implicated in these thefts or related injuries to Brud Rossman's property interests." *Id.* ¶ 15. But there is no explanation of the property interests that were purportedly harmed and no explanation of how the cornucopia of defendants could have possibly caused the harm.

Ordinarily, the Court allows plaintiffs a chance to amend the complaint at least once after a dismissal, because plaintiffs should have a chance to try fixing the deficiencies in an initial complaint. But here, there is nothing to start with so any proposed amended complaint that actually states a claim would really be an entirely new case. Indeed, much of the complaint could be deemed an abuse of process because it is laden with insulting terms that violate Federal Rule of Civil Procedure 12(f), which bars immaterial and impertinent matter. *E.g.*, R. 1 ¶¶ 5, 7, 14, 16, 22. More seriously, there are threats of violence among the allegations. *E.g.*, R. 1 ¶¶ 8, 12, 21(4). Rossman appears to have substituted parenthesis symbols and numbers to thinly veil the threats. For example, "I, Brud Rossman, volunteer for the pleasure of g(tting them in public, with a kn(fe, ripping their org9ns from their bodies …" *Id.* ¶ 8. Or: "This judge, Huvelle, should be k9lled …" *Id.* ¶ 12. Under these circumstances, it is not in the interests of justice to allow a proposed amended complaint. The case is dismissed with prejudice.

ENTERED:

       s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: January 4, 2018

2